UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN MICHAEL BALE, | CASE NO. C12-5803 BHS-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: |
| MICHELLE TAYLOR, | OCTOBER 19, 2012 |
| Defendant. | |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court has screened the complaint prior to service and notes that this complaint is lodged against petitioner's former defense counsel, who by law is not under "color of state law".  Therefore, this Court recommends that the action be dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (e) (2) and (g). The Court also recommends that in forma pauperis status be revoked for the purpose of appeal.

REPORT AND RECOMMENDATION - 1

1         The defect in this complaint cannot be cured by amendment. Plaintiff attempts to bring a
2 civil rights action against his criminal defense counsel. Plaintiff alleges that his counsel
3 "disclosed valubal [sic] information" to the prosecution that has crippled his criminal defense
4 (ECF No. 1, proposed complaint).

5         To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the
6 defendant must be a person acting under the color of state law; and (2) the person's conduct must
7 have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of
8 the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other
9 grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). A defense attorney, even if they are
10 assigned counsel, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S.
11 312, 317-18 (1981).

12         Frivolous in forma pauperis complaints may be dismissed before service of process under
13 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it
14 lacks an arguable basis in law or in fact." *Id*. at 325. Leave to amend is not necessary if it is
15 clear that the deficiencies in the complaint cannot be cured by amendment. *Franklin v. Murphy*,
16 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Plaintiff cannot proceed with this civil rights action
17 and amendment of the complaint will not cure the defect. The Court recommends dismissal prior
18 to service. This dismissal would count as a strike pursuant to 28 U.S.C. 1915 (e ) (2) and (g). The
19 Court also recommends revocation of in forma pauperis status for the purpose of appeal.

20         Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have
21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
22 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
23 review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit
24

1 | imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on
2 | October 19, 2012, as noted in the caption.
3 |     Dated this 26th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge